IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LOREN CHRISTOPHER TARABOCHIA**,

    Plaintiff,

    v.

**THE CITY OF ASTORIA,** *et al.*,

    Defendants.

No. 3:10-cv-1542-MO

OPINION AND ORDER

**MOSMAN, J.**,

The City of Astoria ("Astoria") seeks summary judgment on Loren Tarabochia's 42 U.S.C. §1983 claim for unlawful detention and violation of Fourth Amendment rights by Astoria police officers. There is no genuine dispute as to any material fact on this claim because Astoria's police briefly stopped Mr. Tarabochia based on a reasonable, articulable suspicion of criminal activity. I grant Astoria's Motion for Summary Judgment.

## BACKGROUND

Loren Tarabochia is a convicted sex offender who was released from prison in April 2010. Mem. in Supp. of Summ. J. [13] 2. On April 14, 2010, Officer Jason Robinson responded to a complaint that Mr. Tarabochia was in an area not allowed by his probation conditions. Robinson Decl. [10] 1–2. The complainant also said Mr. Tarabochia photographed children. *Id* at 2. The Law Enforcement Data System ("LEDS") showed no restrictions on Mr. Tarabochia's location, but Officer Robinson "could not determine exactly what [Mr. Tarabochia's] conditions might be." *Id*. Referring to the information available before the stop, Officer Robinson reported that the "only thing [he] could see is if there was a restraining order or no contact order." Tr. [12-1] 6. Officer

1 – OPINION AND ORDER

Robinson explained to Mr. Tarabochia why he responded to the call: "[I]f there's somebody here or if there's some restriction that [the parole officer] doesn't have listed yet, then that's what our concern is." Tr. [12-1] 21.

Officer Robinson contacted Mr. Tarabochia, advised him of the complaint, and said, "I'm going to go talk to [the complainant]. If you would just hang tight. Don't leave." Tr. [12-1] 7. After investigating the complaint, Officer Robinson said Mr. Tarabochia could leave if he wanted. *Id*. at 22. The exchange between Officer Robinson and Mr. Tarabochia lasted eighteen minutes. Warren Decl. [12] 2.

## DISCUSSION

### I. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). The U.S. Supreme Court has said Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### II. Officer's Seizure Did Not Violate Fourth Amendment Rights

Officer Robinson "seized" Mr. Tarabochia because he restrained Mr. Tarabochia's freedom to walk away. *Terry v. Ohio*, 392 U.S. 1, 16 (1985). However, this brief seizure did not violate Mr. Tarabochia's Fourth Amendment rights because Officer Robinson had a reasonable, articulable suspicion that criminal activity may have occurred.

An officer acts consistently with the Fourth Amendment if the officer conducts "a brief, investigatory stop" based on a "reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30). The objective standard for a seizure's reasonableness is whether "the facts available to the officer . . . 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." *Terry*, 392 U.S. at 21–22 (quoting *Carroll v. U.S.*, 267 U.S. 132, 161 (1925)). To determine if a seizure is unreasonable, courts ask "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Id*. at 20. To determine whether the seizure was "reasonably warrant[ed]" courts consider the "specific and articulable facts . . . together with the rational inferences from those facts." *Id*. at 21. "[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information." *Hayes v. Florida*, 470 U.S. 811, 816–17 (1985). "[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 185 (2004) (citing *INS v. Delgado*, 466 U.S. 210, 216 (1984)).

Officer Robinson's seizure of Mr. Tarabochia did not violate Mr. Tarabochia's Fourth Amendment rights. A number of facts available to Officer Robinson before the seizure created a reasonable suspicion of criminal activity. Officer Robinson knew that Mr. Tarabochia was on probation and it was possible that the probation officer imposed restrictions on Mr. Tarabochia that did not show up in LEDS. Due to Mr. Tarabochia's sex offender status and recent release, the allegation that he took photographs of young children created a red flag of potential criminal

3 – OPINION AND ORDER

activity. Officer Robinson's response to these facts was reasonably related in scope to the circumstances. Mr. Tarabochia was only detained for eighteen minutes and allowed to leave after Officer Robinson's brief investigation.

The defense generously suggests Mr. Tarabochia alleged a *Monell* claim. If he did, this claim fails. To establish civil liability under *Monell*, plaintiffs must first show deprivation of a constitutional right. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). My finding above prevents Mr. Tarabochia from satisfying this necessary element of the claim.

## CONCLUSION

Because I find Mr. Tarabochia fails to show there is a genuine dispute as to any material fact, I GRANT Astoria's Motion for Summary Judgment [9]. Necessarily Mr. Tarabochia's Motion for Summary Judgment is DENIED [31].

IT IS SO ORDERED.

DATED this   29th   day of July, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court